FOR THE COURT

590 S.E.2d 337

**In the Matter of Ronald F. BARBARE, Respondent.**

Supreme Court of South Carolina.

Dec. 4, 2003.

**ORDER**

Respondent pled guilty to violating 18 U.S.C. § 1010(2) by knowingly providing false statements to the United States Department of Housing and Urban Development with the intent to influence the Department to provide insurance on loans. Specifically, respondent pled guilty to providing the Department with false certifications that he had received cash at settlement from certain borrowers in amounts reported on HUD–1 settlement statements prepared by respondent and submitted to the Department when, in fact, respondent had not received the stated amount of cash from the borrowers.

Because respondent has pled guilty to a serious crime, the Office of Disciplinary Counsel asks this Court to place respondent on interim suspension pursuant to Rule 17(a), RLDE, Rule 413, SCACR. The petition also seeks appointment of an attorney to protect the interests of respondent's clients pursuant to Rule 31, RLDE, Rule 413, SCACR. Respondent consents to being placed on interim suspension.

IT IS ORDERED that respondent's license to practice law in this state is suspended until further order of this Court.

IT IS FURTHER ORDERED that W. Lindsay Smith, Esquire, is hereby appointed to assume responsibility for respondent's client files, trust account(s), escrow account(s), operating account(s), and any other law office accounts respondent may maintain. Mr. Smith shall take action as required by Rule 31, RLDE, Rule 413, SCACR, to protect the interests of respondent's clients. Mr. Smith may make disbursements from respondent's trust account(s), escrow account(s), operating account(s), and any other law office accounts respondent may maintain that are necessary to effectuate this appointment.

This Order, when served on any bank or other financial institution maintaining trust, escrow and/or operating account(s) of respondent, shall serve as an injunction to prevent respondent from making withdrawals from the account(s) and shall further serve as notice to the bank or other financial institution that W. Lindsay Smith, Esquire, has been duly appointed by this Court.

Finally, this Order, when served on any office of the United States Postal Service, shall serve as notice that W. Lindsay Smith, Esquire, has been duly appointed by this Court and has the authority to receive respondent's mail and the authority to direct that respondent's mail be delivered to Mr. Smith's office.

Mr. Smith's appointment shall be for a period of no longer than nine months unless an extension of the period of appointment is requested.

s/ Jean H. Toal, C.J.
FOR THE COURT